## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA METCALF,<br><br>MICHELLE HARTLY,<br><br>FILMWEST PRODUCTIONS, LLC,<br><br>SUNWEST CAPITAL MANAGEMENT, INC. (d/b/a Spirit Halloween), and<br><br>DO YOU KNOW WHERE YOUR PARENTS ARE, LLC<br><br>                    Plaintiffs,<br><br>            v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,<br><br>LAWRENCE R. BELLMORE, JR.,<br><br>SOLAR WIND PRODUCTIONS, LLC,<br><br>MICHAEL JACOBS,<br><br>RUBY HANDLER-JACOBS, and<br><br>RIO GRANDE STUDIOS, LLC<br><br>                    Defendants. | No.<br><br>__JURY TRIAL DEMANDED__ |

## COMPLAINT

### Introduction

1.     The claims and damages alleged in this Complaint arise from the wrongful conduct of an ongoing interstate racketeering enterprise which funds its operations by fraudulently inducing the producers and investors in independent films to deposit funds with Defendants nominally for use in financing and producing those films but actually used to fund the racketeering enterprise's operations.

## PARTIES AND JURISDICTION

2.     Plaintiff Linda Metcalf is an adult individual residing in California. Ms. Metcalf is the Vice President of plaintiff SunWest Capital Management, Inc. ("SunWest, Inc."), a corporation registered in Nevada with its principal place of business in California. Ms. Metcalf is an investor in the "Do You Know Where Your Parents Are?" film project.

3.     Plaintiff Michelle Hartly is an adult individual residing in California who produces feature-length films for national and international distribution. She is the managing member of plaintiff FilmWest Productions LLC ("FilmWest LLC"), a limited liability company registered in California with its principal place of business in California. Hartly is also the managing member of Do You Know Where Your Parents Are? LLC ("Parents LLC"), a limited liability company registered in California with its principal place of business in California, established for the special purpose of producing a feature-length film tentatively titled "Do You Know Where Your Parents Are?"

4.     Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") is a Delaware corporation with systematic and continuous contacts with the Commonwealth of Pennsylvania, including a branch bank in Allentown, Pennsylvania, into which the funds at issue in this Complaint were deposited.

5.     Defendant Lawrence R. Bellmore, Jr. is an adult individual residing in Pennsylvania and former Financial Advisor at Merrill Lynch.

6.     Defendants Michael Jacobs and Ruby Handler-Jacobs are adult individual residents of New Mexico. Mr. Jacobs and Ms. Jacobs are members in Solar Wind Productions, LLC ("Solar Wind LLC"), a New Mexico corporation with its principal place

2

of business in New Mexico. Solar Wind LLC, Mr. Jacobs and Ms. Jacobs voluntarily established in Allentown, Pennsylvania the bank account which is at issue in this action and voluntarily and specifically directed Plaintiffs to engage in substantial contacts with Merrill Lynch and Mr. Belmore in Pennsylvania for the purpose of depositing funds into a Pennsylvania bank account, which Plaintiffs did at the specific request of Defendants Solar Wind LLC, Mr. Jacobs, Ms. Jacobs, Merrill Lynch and Mr. Belmore.

7.     Rio Grande Studios LLC, is a New Mexico corporation with its principal place of business in New Mexico. Mr. Jacobs and Ms. Jacobs are the members and owners of Rio Grande Studios. Rio Grande Studios, through its agents, voluntarily converted and misappropriated funds from the Pennsylvania bank account at issue in this action.

## Facts Giving Rise To Liability

### A.     The Genesis Of The Feature Film

8.     In 2007, Ms. Metcalf, a writer, and Ms. Hartly, a film producer, began discussing the production of a feature length film based upon Ms. Metcalf's script, tentatively titled "Do You Know Where Your Parents Are?"

9.     In October 2008, FilmWest LLC and Ms. Metcalf signed a term sheet to produce the film. In support thereof, Ms. Metcalf transferred $200,000 to an account controlled by FilmWest LLC, and steps were taken to establish Parents LLC, which was recorded by the California Secretary of State in January 2009.

### B.     The Solicitation of Plaintiffs By Defendants

10.     On January 28, 2009, Mr. Jacobs and Ms. Jacobs, on behalf of Solar Wind LLC, solicited Hartly, Metcalf, FilmWest LLC and Parents LLC to enter into a joint venture with "Solar Wind Productions Film Fund presented by Rio Grande Studios," a

complicated film financing enterprise. As part of the proposed film financing, the producers of the film were to provide a development deposit of ten percent (10%) of the film's adjusted budget.

11.     As described by the solicitation materials, a copy of which is attached as Exhibit A,

1.     The Producer/Investor deposits the Development Deposit, 10% of the Adjusted Film Budget, into a Film Fund Holding Account established at the Selected Brokerage Firm.

2.     The Producer/Investor is listed as a co-signatory on the holding account.

3.     Upon the receipt, by the brokerage firm, the 10% Development Deposit is converted to a Certificate of Deposit or similar instrument (CD) for no less than a 3 month term.

4.     The Producer/Investor is listed as a co-signatory on the CD.

5.     A Secured Working Capital Line of Credit is obtained against the CD as collateral.

6.     The Working Capital Line of Credit is applied to obtain total film financing.

7.     Draw down of funds to follow the schedule as approved by the Parties.

8.     In the unlikely event that funding is not delivered within the estimated or reasonable time frame, the CD (Producer's Development Deposit) is returned to the Investor/Depositor.

As also described by the solicitation materials, the "length of time for deposit return" was "estimated to be a 60-90 day return."

12.     The solicitation materials included materials prepared by Merrill Lynch, bearing Merrill Lynch's insignia and trademarks, including "VIA and WCMA Account

4

Applications" as well as "instructions for Solar Wind Productions, LLC clients who are

not also clients of Merrill Lynch," which included detailed descriptions of how Merrill

Lynch, through Lawrence R. Bellmore, Jr., was to be involved in the film financing,

including responsibility for providing "wiring instructions" and a role in making "final

determination" with regard to certain financing options. The "instructions" further said

that "any questions regarding ... the Merrill accounts and the development deposit

process should be directed to LR Bellmore, Jr. at 866-277-7229 / 570-327-6668."

13.     Bellmore and Merrill Lynch were aware Mr. and Mrs. Jacobs, Solar Wind

LLC, and Rio Grande Studios were using these documents to solicit business.

14.     On March 13, 2009, a conference call was arranged and hosted by

Bellmore using Merrill Lynch's conferencing system. During the call, Hartly (on behalf

of FilmWest, Parents LLC, and Metcalf), Mr. and Mrs. Jacobs (on behalf of Solar Wind

LLC and Rio Grande), and Bellmore (on behalf of Merrill Lynch) discussed the structure

and function of the film financing fund, as well as the process for completing the

development deposit. During the conference, Bellmore affirmed and adopted the Jacobs'

representation that the fund was "inside" of and administered by Merrill Lynch.

## C.     The Defendants' Instructions For The Development Deposit

15.     On March 16, 2009, Bellmore emailed Hartly, Metcalf, and Mr. and Mrs.

Jacobs the following:

> The contract calls for wiring funds to the Solar Wind Account
> and having 2 signatures on the account for the protection of
> the producer.
>
> That cannot be accomplished as it then gives Linda authority
> over other client accounts and assets beyond the CD in the
> Solar Wind account and other sub accounts.

> Therefore, I setup the sub account for wiring funds directly to it.
>
> For the moment, Linda Metcalf is the only signature on the account and will be in control of the funds. Once the account is established we can add the CFO as the other signature on the sub-account and require two signatures from that point out.
>
> If you have any questions as to the structure and how it works, call me.

16.     On March 24, 2009, Bellmore and Merrill Lynch received by registered mail the due diligence and signatory card for Metcalf to open the Parents LLC's subaccount off of the main Solar Wind LLC account, pursuant to Bellmore's specific and detailed instructions.

17.     On March 27, 2009, Michael Jacobs called Michelle Hartly and threatened that, if the money was not deposited by March 30, he, Ms. Jacobs and Solar Wind LLC would sue Hartly and Metcalf and not fund the film.

18.     On March 30, 2009, Merrill Lynch hosted another conference call with Bellmore, Mr. and Mrs. Jacobs, Hartly and Metcalf, wherein the specifics of the deposit were again discussed, with Bellmore again providing specific instruction to the Plaintiffs with regard to the deposit.

19.     Per Bellmore's instruction, on March 30, 2009, Parents LCC wired Metcalf's $200,000 to a SunWest Capital Management Bank of America account.

20.     On April 1, 2009, again pursuant to Bellmore's specific instruction, Metcalf's husband, Roger Metcalf, purchased a cashier's check for $200,000 payable to Solar Wind LLC, which he deposited into Solar Wind LLC's account number 888-07D12, for immediate transfer to the Parents LLC subaccount, as described by Bellmore, for conversion into a 90 day CD which would be used to fund a line of credit for the

feature film, as represented by Bellmore, Merrill Lynch, Mr. and Mrs. Jacobs, Solar Wind LLC, and Rio Grande Studios.

21.   The $200,000 was not transferred to the Parents LLC account nor was it converted into a 90 day CD. Instead, Bellmore and Merrill Lynch left the $200,000 in Solar Wind LLC's account, where it was inaccessible to any of the Plaintiffs but accessible to Defendants.

22.   After April 1, 2009, Bellmore and Merrill Lynch made a number of confusing, conflicting and changing excuses for their failure to move the funds into the Parents LLC subaccount. As of the filing of this Complaint, Plaintiffs have been unable to access the deposit or to use it in any fashion.

**D.   Defendants' Pre-Existing Racketeering Enterprise**

23.   Unbeknownst to any Plaintiffs, but known to all Defendants, the Defendants deliberately left the funds in Solar Wind LLC's primary account so that Solar Wind LLC could wrongfully convert funds from the account to meet their own expenses, rather than use the funds as collateral for credit lines for use in obtaining financing for Plaintiffs' film.

24.   Unbeknownst to any of the Plaintiffs, but known to all of the Defendants, by April 1, 2009, the Defendants had already established a wrongful and illegal practice of mail and wire fraud by which investors and producers were induced, as Plaintiffs were, into making deposits into Solar Wind LLC's account upon the erroneous belief (created by Bellmore and Merrill Lynch) that the funds would be immediately moved to a subaccount which the investors and producers controlled for conversion into a CD.

25.   On April 1, 2009, as Metcalf was depositing her funds, counsel for the producer ("Trojan Productions") of a completely separate film sent an email to Merrill

Lynch demanding Merrill Lynch return that investor's funds, which had been deposited into the same Solar Wind LLC primary account in December 2008 based upon virtually identical misrepresentations by Bellmore, Merrill Lynch, Mr. and Mrs. Jacobs, Solar Wind LLC, and Rio Grande Studios.

26.     As Plaintiffs later learned, the Defendants had not moved Trojan's funds into a subaccount, nor converted them into a CD, nor used them to secure a loan for the benefit of Trojan's film production. Instead, Defendants wrongfully held Trojan's funds in the Solar Wind LLC primary account, where Mr. and Mrs. Jacobs, Solar Wind LLC, and Rio Grande withdrew them to meet their own expenses.

27.     As Plaintiffs later learned, the above conduct regarding Trojan's funds had prompted John Davis, the individual whom Defendants had held out as the Chief Financial Officer of Solar Wind LLC, to wholly extricate himself from Solar Wind LLC and to refuse to be involved with them in any capacity. As Plaintiffs later learned, John Davis had never even been the Chief Financial Officer of Solar Wind LLC.

**E.      Defendants' Successful Efforts To Thwart Plaintiffs' Mitigation Efforts**

28.     Defendants' collective refusal to transfer the $200,000 to the Parents LLC subaccount – and Defendants Bellmore and Merrill Lynch's ever-changing explanation as to why – caused Plaintiffs to suspect wrongdoing by Defendants.

29.     Plaintiffs attempted to resolve the matter quickly and to have the deposit refunded. Mr. and Mrs. Jacobs, Solar Wind LLC, and Rio Grande refused.

30.     On or about April 22, 2009, Plaintiffs demanded Merrill Lynch refund the deposit. Merrill Lynch refused.

31.     On or about April 24, 2009, Mr. and Mrs. Jacobs and Solar Wind LLC demanded the funds remain in their sole control. Merrill Lynch complied.

32.   On or about May 19, 2009, Plaintiffs gave Mr. and Mrs. Jacobs and Solar Wind LLC written notice that any understandings or agreements between them had been terminated and/or rescinded. Oral notice had already been provided. Defendants continued to refuse Plaintiffs access to the deposit.

33.   As of the filing of this Complaint, the deposit – whatever is left of it – remains in the exclusive control of the Defendants, all of whom have denied any responsibility to the Plaintiffs to return any portion of it. As of the filing of this Complaint, Defendants have not refunded any sums at all to the Plaintiffs, but have instead claimed entitlement to the deposit.

34.   Defendants' wrongful conversion and withholding of the deposit has caused substantial damage to Plaintiffs.

35.   The film planned by Plaintiffs Parents LLC, Hartly, Metcalf and FilmWest LLC has been delayed indefinitely and has lost other financing opportunities.

36.   Plaintiffs Hartly and FilmWest LLC have suffered direct and consequential damages to their film production business, including damage to their reputations and business goodwill.

37.   Plaintiffs Metcalf and SunWest Inc. have suffered direct and consequential damages by the loss of the deposit and the loss of its timely return, including damage to their seasonal apparel or costume business, such as the inability to secure commercial leases for retail spaces, the inability to acquire necessary inventory for later sale, and damage to their reputations and business goodwill.

9

## COUNT I

### Plaintiffs v. Defendants

### Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968

38.     The above averments are incorporated here by reference.

39.     Defendants Merrill Lynch, Solar Wind LLC, and Rio Grande Studios, engage in, and their activities affect, interstate commerce.

40.     All Defendants are employed by or associated with Defendants Merrill Lynch, Solar Wind LLC, and Rio Grande Studios.

41.     All Defendants have together operated as an association-in-fact.

42.     All Defendants have received illicit income derived from, and have conducted or participated in, a pattern of misleading film investors by way of mail fraud and wire fraud into depositing funds into accounts controlled by Defendants. Defendants have then converted said funds into their own income and then used part of all of that income, or the proceeds of that income, in the operation of Merrill Lynch, Solar Wind LLC, and Rio Grande Studios.

43.     Defendants Bellmore, Michael Jacobs and Ruby-Handler Jacobs have conducted or participated in the conduct of Merrill Lynch, Solar Wind LLC and Rio Grande Studios through a pattern of misleading film investors by way of mail fraud and wire fraud into depositing funds into accounts controlled by Defendants.

44.     Defendants have conspired to violate the provisions of 18 U.S.C. §§ 1961(a) and (c).

45.   As described above, Plaintiffs were directly and indirectly injured by this racketeering activity, including through conversion of funds and damage resulting from said conversion.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants for threefold of the direct and consequential economic and noneconomic damages they have sustained by reason of the above violations, for punitive damages, and for costs of suit and attorney's fees.

## COUNT II

### Plaintiffs v. Defendants

### Fraud

46.   The above averments are incorporated here by reference.

47.   As described above, Defendants Michael Jacobs, Ruby Jacobs, Solar Wind LLC, and Rio Grande Studios intentionally, recklessly and knowingly made numerous misstatements of material fact to Plaintiffs Parents LLC, FilmWest, LLC, Hartly and Medcalf, including, but not limited to:

(a)   The Jacobs', Solar Wind LLC's, and Rio Grande Studios' intentions with regard to the deposit;

(b)   The history of, nature of, and officers of Solar Wind LLC, including misrepresentations regarding Solar Wind LLC's ability and desire to develop financing for films, Solar Wind LLC's adequate and appropriate handling of other producers' funds, and the identity of Solar Wind LLC's chief financial officer;

(c)   The instructions they had given to Bellmore and Merrill Lynch regarding the path of the funds once deposited;

(d)     The terms of a modified financing agreement sent to Hartly for her acceptance prior to the deposit; and

(e)     The status of the funds once deposited.

48.     As described above, Plaintiffs relied upon these material misrepresentations and others to their detriment, including by tendering the deposit to Defendants. As described above, Plaintiffs have been seriously damaged by their reliance upon Defendants' misrepresentations.

49.     The above named Defendants' conduct was of such an outrageous character that it warrants the imposition of punitive damages.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants in compensation of the direct and consequential economic and noneconomic damages they have suffered, as well as punitive damages, costs of suit, and attorney's fees.

## COUNT III

### Plaintiffs v. Defendants

### Conversion

50.     The above averments are incorporated here by reference.

51.     As described above, Plaintiffs provided to Defendants a $200,000.00 Development Deposit for transfer to a specific subaccount, where it would be used in obtaining financing for and/or in production of a feature film.

52.     Instead of using said deposit for its appropriate purposes, Defendants wrongfully converted the funds by detaining the funds in an account they, and only they, controlled, and from which they were converting other innocent third party funds for their private use.

12

53.    Plaintiffs have already wrongfully been denied use of said funds to their detriment.

54.    An interpleader action has been filed in another jurisdiction in which Defendant Solar Wind LLC has claimed a right to the deposit. Should they or any other party to the interpleader prevail, Plaintiffs will forever be deprived of the deposit.

55.    The above named Defendants' conduct was of such an outrageous character that it warrants the imposition of punitive damages.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants in compensation of the direct and consequential economic and noneconomic damages they have suffered, as well as punitive damages, costs of suit, and attorney's fees.

## COUNT IV

### Plaintiffs v. Defendants

#### Conspiracy

56.    The above averments are incorporated here by reference.

57.    As described above, all Defendants have, in furtherance of wrongful conduct aimed at Plaintiffs, conspired together with the common aim of injuring Plaintiffs personally and in their businesses.

58.    The above named Defendants' conduct was of such an outrageous character that it warrants the imposition of punitive damages.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants in compensation of the direct and consequential economic and noneconomic damages they have suffered, as well as punitive damages, costs of suit, and attorney's fees.

## COUNT V

### Plaintiffs v. Defendants Bellmore and Merrill Lynch

### Breach of Fiduciary Duty

59.     The above averments are incorporated here by reference.

60.     As described above, the Plaintiffs provided funds to the Defendants for the specific purpose of obtaining a CD which would then be used to obtain a line of credit which in turn would be used for obtaining further financing for the film or for paying production costs of the film.

61.     The Defendants represented to the Plaintiffs an expertise in, and pretense of, financial management and the safekeeping of funds, and represented they would care for, advise upon, and manage funds deposited by the Plaintiffs.

62.     The representations to Plaintiffs and the tender of said funds to the Defendants created and carried with it a fiduciary duty on the part of the Defendants to care for said funds in a reasonable and appropriate manner.

63.     The Defendants failed to carry out this duty, and instead intentionally, recklessly, knowingly and/or negligently failed to protect said funds, including by:

     a.     misrepresenting the relationship between the Defendants;

     b.     misrepresenting the nature of the accounts established at Merrill Lynch;

     c.     misrepresenting the appropriate method for making a deposit to the Parents LLC subaccount;

     d.     misrepresenting that the funds, once tendered, would be transferred to the Parents LLC subaccount and converted into a CD;

     e.     misrepresenting the status of the deposit once made;

14

f.  failing to detect suspicious conduct, including comingling of funds, in the Solar Wind LLC account prior to the deposit;

g.  failing to react to known wrongful conduct, including Solar Wind LLC's mishandling and conversion of Trojan's funds, prior to the deposit;

h.  failing to freeze the Solar Wind LLC account, refuse Plaintiffs' deposit, or segregate Plaintiffs' deposit upon Trojan's demand for the funds, which was made prior to transfer of the deposited funds;

i.  permitting other Defendants access to the funds once learning of Trojan's demand;

j.  failing to freeze Plaintiffs' deposit after it knew, or should have known, of suspicious or wrongful activity in the accounts;

k.  failing to return Plaintiffs' deposit upon demand; and,

l.  as to Merrill Lynch only, asserting that it is uncertain as to the ownership of Plaintiffs' funds.

64.  As of the time of filing of this Complaint, the funds are also the subject of an interpleader action in another jurisdiction, and thus unavailable to Plaintiffs, and at risk of never being returned to Plaintiffs at all.

65.  Defendants' conduct was of such an outrageous character that it warrants the imposition of punitive damages.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants in compensation of the direct and consequential economic and noneconomic damages they have suffered, disgorgement of any compensation earned related to management of the funds, and punitive damages, costs of suit, and attorney's

fees.

## COUNT VI

### Plaintiffs v.
### Defendants Michael Jacobs, Ruby Jacobs and Solar Wind LLC Productions

### Breach of Fiduciary Duty

66.     The above averments are incorporated here by reference.

67.     As described above, the Plaintiffs provided funds to the Defendants for the specific purpose of obtaining a CD which would then be used to obtain a line of credit which in turn would be used for obtaining further financing for the film or paying production costs of the film.

68.     The Defendants represented to the Plaintiffs an expertise in, and pretense of, financial management and the safekeeping of funds, and represented they would care for, advise upon, and manage funds deposited by the Plaintiffs.

69.     The representations to Plaintiffs and the tender of said funds to the Defendants created and carried with it a fiduciary duty on the part of the Defendants to care for said funds in a reasonable and appropriate manner.

70.     The Defendants failed to carry out this duty, and instead intentionally, recklessly, knowingly and/or negligently failed to protect said funds , including by:

71.     The Defendants failed to carry out this duty, and instead intentionally, recklessly, knowingly and/or negligently failed to protect said funds, including by:

    a.      misrepresenting the relationship between the Defendants;

    b.      misrepresenting the nature of the accounts established at Merrill Lynch;

    c.      misrepresenting the appropriate method for making a deposit to

the Parents LLC subaccount;

d.   misrepresenting that the funds, once tendered, would be transferred to the Parents LLC subaccount and converted into a CD;

e.   misrepresenting the status of the deposit once made;

f.   mishandling the Solar Wind LLC account, including by comingling of funds and failing to maintain an appropriate accounting;

g.   failing to freeze the Solar Wind LLC account, refuse Plaintiffs' deposit, or segregate Plaintiffs' deposit upon Trojan's demand for the funds, which was made prior to transfer of the deposited funds;

h.   accessing the funds after learning of Trojan's demand;

i.   failing to freeze Plaintiffs' deposit after Trojan's demand;

j.   failing to return Plaintiffs' deposit upon demand; and,

k.   asserting that they have an interest in Plaintiffs' deposit.

72.   As of the time of filing of this Complaint, the funds are also the subject of an interpleader action in another jurisdiction, and thus unavailable to Plaintiffs, and at risk of never being returned to Plaintiffs at all.

73.   The above named Defendants' conduct was of such an outrageous character that it warrants the imposition of punitive damages.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants in compensation of the direct and consequential economic and noneconomic damages they have suffered, and punitive damages, costs of suit, and attorney's fees.

## COUNT VII

### Plaintiffs Parents LLC and FilmWest LLC v.
### Defendant Solar Wind LLC

### Declaratory Judgment

74.    The above averments are incorporated here by reference.

75.    Defendant Solar Wind LLC has asserted to the Plaintiffs Parents LLC and

FilmWest LLC, and asserted in pleadings filed in other jurisdictions, that it has

enforceable agreements with Plaintiffs Parents LLC and FilmWest LLC.

76.    Any such "agreement" is the result of Defendant's fraudulent

misrepresentations, and as such is void and/or voidable.

WHEREFORE, Plaintiffs Parents LLC and FilmWest LLC respectfully request

this Court enter a declaratory judgment against Defendant Solar Wind LLC establishing

that Defendant has no enforceable agreement with Plaintiffs.

## COUNT VIII

### Plaintiffs Parents LLC and FilmWest LLC v.
### Defendant Solar Wind LLC

### Breach of Contract

77.    The above averments are incorporated here by reference.

78.    This count is raised in the alternative pursuant to Fed. R. Civ. P. 8(d)(2) &

(3).

79.    As described above, Defendant Solar Wind LLC has claimed it has one or

more enforceable agreements with Plaintiffs Parents LLC and FilmWest LLC.

80.    If this Court finds said agreements valid and binding, then Plaintiffs allege

that Defendant Solar Wind LLC has not complied with the terms of said agreements, but

18

instead has willfully breached them by refusing to use (and, failing that, to return) the Development Deposit as required by those agreements.

WHEREFORE, Plaintiffs Parents LLC and FilmWest LLC respectfully request this Court enter judgment in their favor and against Defendant Solar Wind LLC for direct and consequential damages arising from Defendant's breach of their agreements with Plaintiffs.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all causes of action and issues so triable.

### NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFFS HEREBY DEMAND THAT DEFENDANTS TAKE ALL NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION (OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO) WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.

THE BEASLEY FIRM, LLC

Maxwell S. Kennerly, Esquire
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (facsimile)

Attorney for Plaintiffs

Dated: August 17, 2009