

Stradley Ronon Stevens & Young, LLP
Suite 2600
2005 Market Street
Philadelphia, PA 19103-7018
Telephone 215.564.8000
Fax 215.564.8120
www.stradley.com

William T. Mandia
(215) 564-8083
wmandia@stradley.com

May 2, 2013

<u>Via ECF</u>

The Honorable Matthew W. Brann
Federal Building &
U.S. Courthouse
228 Walnut Street P.O. Box 983
Harrisburg, PA 17108

>    Re:   **Linda Metcalf, et al. v. Lawrence R. Bellmore,**
>          <u>**Civil Action No. 4:11-cv-127**</u>

Dear Judge Brann:

  Our firm represents non-parties, Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") and Robin Brubacher ("Ms. Brubacher"). Merrill Lynch and Ms. Brubacher were previously dismissed from this case pursuant to a Memorandum and Order entered on October 5, 2012. (Dkt. No. 156.)

  I am writing in response to the highly unusual and improper Motion of Plaintiffs for Summary Judgment filed on April 18, 2013. (Dkt. Nos. 162-63.) Although Merrill Lynch and Ms. Brubacher are no longer parties to this case, Plaintiffs provided them with notice of the Motion prior to its filing and inquired as to whether they would concur in the Motion. As non-parties dismissed from this action on the merits, Merrill Lynch and Ms. Brubacher are not required to respond to Plaintiffs' Motion; nor can they be bound by any factual or legal findings made in connection with the Motion. However, Merrill Lynch and Ms. Brubacher are submitting this letter to state on the record that they do not consent to or condone Plaintiff's Motion, which appears to be an impermissible attempt to manufacture appellate jurisdiction. See <u>American States Ins. Co. v. Dastar Corp.</u>, 318 F.3d 881, 891 (9th Cir. 2003) (dismissing appeal for lack of jurisdiction where "parties appear to have colluded to manufacture appellate jurisdiction").

  By way of brief background, the Court entered summary judgment in favor of Merrill Lynch and Ms. Brubacher on October 5, 2012. (Dkt. No. 156.) Specifically, the Court held that *res judicata* barred Plaintiffs' claims against Merrill Lynch and Ms. Brubacher (<u>Id.</u>) The Court's Memorandum and Order is not a final judgment from which Plaintiffs can take an appeal. Lawrence

The Honorable Matthew W. Brann
May 2, 2013
Page 2

R. Bellmore, Jr. ("Mr. Bellmore"), a *pro se* Defendant and former Merrill Lynch employee, remains a party to this case. As a result, Plaintiffs moved pursuant to Federal Rule of Civil Procedure 54(b) to certify the judgment entered in favor of Merrill Lynch and Ms. Brubacher as a final, appealable judgment. (Dkt. Nos. 157-58.) The Court denied Plaintiffs' Motion to Certify in a Memorandum and Order entered on January 9, 2013. (Dkt. No. 161.)

On April 4, 2013, counsel for Plaintiffs wrote to counsel for Merrill Lynch and Ms. Brubacher, attaching a proposed Motion for Summary Judgment and inquiring as to whether Merrill Lynch and Ms. Brubacher would concur in the Motion. (A copy of this e-mail and the proposed Motion are attached as Exhibit 1 hereto.) Plaintiffs' proposed Motion for Summary Judgment was improper in a number of respects and it reflected a clear intent to manipulate this case to create appellate jurisdiction. Among other irregularities, Plaintiffs' proposed Motion requested the entry of summary judgment against themselves and in favor of Mr. Bellmore on the grounds that Mr. Bellmore was purportedly in "privity" with Merrill Lynch, based solely on allegations contained in Plaintiffs' Second Amended Complaint. (Id.) The proposed Motion also sought to "preserve" Plaintiffs right to turn around and attack the very same judgment they were requesting the Court to enter on appeal. (Id.)

Counsel for Merrill Lynch responded to Plaintiffs' counsel's e-mail on April 5, 2013, stating that neither Merrill Lynch nor Ms. Brubacher would concur in the Motion. Merrill Lynch's counsel identified a number of improprieties with the proposed Motion, including that the Motion appeared to be an improper attempt to create appellate jurisdiction. (See E-mail of April 5, 2013, attached hereto as Ex. 2.) Counsel for Merrill Lynch also advised Plaintiffs that Merrill Lynch and Ms. Brubacher would write to the Court if Plaintiffs filed their proposed Motion. (Id.)

Counsel for Plaintiffs replied on April 15, 2013. Tellingly, Plaintiffs' counsel elected not to respond to the majority of the issues raised by Merrill Lynch. (See E-mail of April 15, 2013, attached hereto as Ex. 3.) Plaintiffs thereafter proceeded to file a Motion for Summary Judgment on April 18, 2013. (Dkt. Nos. 162-63.) The language of the as-filed version of the Motion differs somewhat from the proposed Motion that Plaintiffs' counsel provided to counsel for Merrill Lynch. The Motion, however, suffers from the same infirmities as the prior draft provided to Merrill Lynch's counsel.

It is well-settled that "[a] party may not engage in manipulation either to create appellate jurisdiction or prevent it." See American States Ins. Co., 318 F.3d at 885. As a result, "[a] significant concern in assessing finality is whether the parties have attempted to manipulate [ ] appellate jurisdiction." Id. When a party is guilty of manipulating the proceedings to create appellate jurisdiction, the appellate court lacks jurisdiction and it must dismiss the appeal. Id. at 885-891 (dismissing appeal where parties manipulated the record to create appellate jurisdiction by agreeing to dismiss remaining claims without prejudice).

Plainly dissatisfied with the Court's prior decision to deny certification of a final judgment, Plaintiffs now seek to manipulate the proceedings before this Court to create appellate jurisdiction. Plaintiffs ask the Court to *enter summary judgment against themselves* – on specific grounds they purport to dictate – while at the same time purportedly "preserv[ing]" all of the arguments that

The Honorable Matthew W. Brann
May 2, 2013
Page 3

they intend to raise on appeal so that they can attack the very judgment they are requesting. This approach is manipulative of the adversary process and intended solely for the purpose of creating appellate jurisdiction. As such, it would render the Third Circuit without jurisdiction and subject any appeal to dismissal either *sua sponte* or on the motion of one of the parties. See American States Ins. Co., 318 F.3d at 885-91 (dismissing manufactured appeal *sua sponte*). Consequently, permitting Plaintiffs to proceed as they propose would only serve to needlessly burden the court system and the parties with the protracted and piecemeal litigation that the Court sought to prevent in denying Plaintiffs' request for certification of a final judgment. (See Dkt. No. 161.)

Moreover, Plaintiffs' Motion for Summary Judgment is improper because it is not supported by a proper evidentiary record and it squarely contradicts Plaintiffs' prior position in this case regarding the nature of their claims. Plaintiffs seek the entry of summary judgment based solely on the allegations in their Second Amended Complaint, which do not provide a proper basis for the Court to grant a motion for summary judgment. See Fed. R. Civ. P. 56(c)(1)(A)-(B). Moreover, Plaintiffs' assertion that "they have no claims against Defendant Bellmore beyond those for which Merrill Lynch would be vicariously liable" is entirely disingenuous. Plaintiffs previously argued in opposition to Merrill Lynch's Motion for Summary Judgment that they had sued Mr. Bellmore in his "individual capacit[y]." (See Dkt. No. 144 at p. 12.) Plaintiffs' apparent about-face on this issue only further underscores that their Motion for Summary Judgment is nothing more than an improper and artificial attempt to create appellate jurisdiction.

Should the Court have any questions or need any additional information, we are available to address this matter at the Court's convenience.

Respectfully submitted,

/s/ William T. Mandia

William T. Mandia

cc:   Maxwell S. Kennerly, Esquire (via ECF)
      William E. Mahoney, Jr. (via ECF)
      Lawrence R. Bellmore (via regular mail)