IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA METCALF, | : | |
| MICHELLE HARTLY, | : | |
| FILMWEST PRODUCTIONS, LLC, | : | |
| SUNWEST CAPITAL | : | |
| MANAGEMENT, | : | |
| INC., and | : | |
| DO YOU KNOW WHERE | : | |
| YOUR PARENTS ARE, LLC, | : | Case No. 4:11-CV-0127 |
| | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| | : | |
| MERRILL LYNCH PIERCE, | : | |
| FENNER & SMITH, INC., | : | |
| LAWRENCE R. BELLMORE, JR., | : | |
| ROBIN BRUBACHER, | : | |
| SOLAR WIND PRODUCTIONS, | : | |
| LLC, | : | |
| MICHAEL JACOBS, | : | |
| RUBY HANDLER-JACOBS, and | : | |
| RIO GRANDE STUDIOS, LLC, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
July 1, 2013

This action, commenced on August 17, 2009, proceeds on the Second Amended Complaint. ECF No. 122. Before the Court is Plaintiffs' Motion for Summary Judgment filed on April 18, 2013. For the reasons discussed below, this

1

motion shall be granted.

I.  **BACKGROUND**

The background facts giving rise to the instant litigation are fully set forth in the Court's previous Orders. See e.g., Oct. 5, 2012, ECF No. 156, Jan. 9, 2013, ECF No. 161. For purposes of this Order, only a brief recitation of the factual and procedural background is necessary.

Plaintiffs Linda Metcalf, ("Metcalf"), Michelle Hartly,("Hartly"), Filmwest Productions, LLC, ("FW"), Sunwest Capital Management, Inc., ("SCM"), and Do You Know Where Your Parents Are, LLC, ("Parents LLC") (collectively "Plaintiffs") initiated this action against Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc., ("Merrill Lynch"), Lawrence R. Bellmore, Jr., ("Bellmore"), Solar Wind Productions, LLC ("SWP"), Michael Jacobs, Ruby Handler-Jacobs, ("Jacobs"), and Rio Grande Studios, LLC ("Rio Grande")[1], which stems from a failed financing agreement to produce a motion picture based on a screenplay known as "Do You Know Where Your Parents Are?" Specifically, Plaintiffs allege the following: (1) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968; (2) fraud; (3) conversion; (4)

---

[1] SWP, Michael Jacobs, Ruby Handler-Jacobs, and Rio Grande shall also be collectively referred to as the "Jacobs Defendants."

conspiracy; (5) breach of fiduciary duty; (6) declaratory judgment; and (7) breach of contract. Amd. Compl., ECF No. 94.

On August 1, 2012, Defendants Merrill Lynch and Brubacher filed a motion for summary judgment on the grounds that Plaintiffs' claims against them were barred by res judicata . ECF No. 140. The Court granted Defendants' motion by Order dated October 5, 2012 and removed Merrill Lynch and Brubacher as parties to this action. ECF No. 156. Following the March 3, 2011 Arbitration Order, (ECF No. 87), and the October 5, 2012 Order for summary judgment, (ECF No. 156), Defendant Bellmore remains as the only Defendant against whom Plaintiffs proceed toward trial.

Plaintiffs moved for a Certificate of Appealability on October 24, 2012 (ECF No. 157), seeking authority to file an appeal of the Court's October 5, 2012 Order on summary judgment (ECF No. 156) and requesting that the Court stay the proceedings until resolution of that appeal. That motion was subsequently denied on January 9, 2013. ECF No. 161. In what appears to be an odd procedural twist, Plaintiffs then moved for summary judgment, on April 18, 2013 (ECF No. 162) in favor of the remaining Defendant Bellmore. Defendant Bellmore has never moved for summary judgment on his own behalf, nor has Bellmore responded, in any fashion, to Plaintiffs' motion.

## II.     DISCUSSION

Plaintiffs' motion concedes that the res judicata arguments made by Defendants Merrill Lynch and Brubacher in their motion for summary judgment apply equally to Defendant Bellmore. Pl. Brf., Apr. 18, 2013, ECF No. 163. Because the Court agreed with these Defendants and granted summary judgment in their favor on res judicata grounds, Plaintiffs propose that the Court enter judgment in favor of Defendant Bellmore on the same basis, despite the fact that Bellmore has not moved for summary judgment and does not concur with Plaintiffs' motion. Id. All of this is done, as Plaintiffs acknowledge, in order to perfect Plaintiffs' right of appeal to the United States Court of Appeals for the Third Circuit and seek review of this Court's decision on Merrill Lynch and Brubacher's liability. See Pl. Brf., Apr. 18, 2013, ECF No. 163.

A peculiar issue is raised by these facts, for which Plaintiffs provide no legal authority: Namely, may one party move for summary judgment in favor of an opposing party in order to effectuate a final judgment of the court and perfect an appeal? Although this Court has found no authority deciding this issue, other district courts have addressed whether a co-defendant may be the sole, successful opposition to another co-defendant's motion for summary judgment. See Thurman v. Wood Group Production Services, Inc., 2010 WL 5207587, at *1 (E.D. La. Dec.

14, 2010) (Barbier, J.), Blonder v. Casco Inn Residential Care, Inc., 2000 WL 761895, at *1 (D. Me. May 4, 2000) (Carter, J.), Eckert v. City of Sacramento, 2009 WL 3211278, at *3 (E.D. Cal. Sept. 30, 2009) (Burrell, J.)

In all three cases, the respective courts found that the co-defendant opposing summary judgment had no standing to file an opposition to summary judgment where plaintiff had not done so and the co-defendant had no pending cross-claims. Id. The Blonder and Eckert courts relied on the "principles underlying Rule 56" that it is intended to "avoid trial when appropriate and to bring about summary justice whenever legally proper." See Blonder, 2000 WL 761895, at *1, Eckert, 2009 WL 3211278, at *3. Requiring the plaintiff to prosecute claims that she no longer believed to be viable ran contrary to this principle. Blonder, 2000 WL 761895, at *1.

Although the instant litigation presents a more convoluted procedural posture, the principles underlying Federal Rule of Civil Procedure 56 and the reasoning of the Blonder, and Eckert courts are similarly applicable. Like the plaintiffs in the above-referenced cases, Defendant Bellmore has failed to oppose Plaintiffs' motion. Nor did he oppose Merrill Lynch's motion to compel arbitration against him (ECF No. 36), move for summary judgment with the other Defendants or join in their respective motions – all of which would have been in

5

Bellmore's favor.

Although the Court is mindful that Bellmore proceeds pro se in this litigation, Defendant's continued lack of response and general absence from these proceedings should not stand in the way of granting Plaintiffs' motion to enter judgment in Defendant's favor. There is no reason to require Plaintiffs to proceed on claims against a Defendant that Plaintiffs have no interest in pursuing. Accordingly, the purpose of Rule 56 is best served by granting Plaintiffs' motion for summary judgment.

While the principles underlying a Rule 56 motion for summary judgment counsel in favor of granting the motion, there is another component to Plaintiffs' motion that requires consideration. Plaintiffs admit that the purpose of moving to dismiss the claims against Defendant Bellmore is to secure a final judgment from this Court which may then be reviewed by the Third Circuit. See Pl. Brf. 2, Apr. 18, 2013, ECF No. 163. Such a motive is not unusual and is akin to the situation in which, following the partial grant of a motion for summary judgment, the parties agree to voluntarily dismiss without prejudice the remaining claims and parties in order to meet the finality requirement of 28 U.S.C. § 1291 and seek appellate review of the involuntarily dismissed claims. See e.g., Morton Intern., Inc. v. A.E. Staley Mfg. Co., 460 F.3d 470, 476-77 (3rd Cir. 2006) (an order dismissing

defendants without prejudice is neither final nor appealable), Royal Ins. Co. of America, Inc. v. KTA-Tator, Inc., 239 F. App'x 722, 724-25 (3rd Cir. 2007) (unpublished) (appellate courts generally lack jurisdiction over partial adjudications when claims have been dismissed without prejudice).

Although parties may agree to voluntarily dismiss the remaining claims and parties from an action in order to effectuate a final judgment and subsequent appeal, only a dismissal *with prejudice* as to all parties will render a judgment of the district court final and ripe for review by the appellate court. See Morton, 460 F.3d at 476-77. Such a requirement prevents the manipulative plaintiff from appealing involuntarily dismissed claims or parties while maintaining his ability to re-file the voluntarily dismissed portions if the appeal does not succeed – in contravention of the strong congressional policy against piecemeal appeals. See Id.

In this case, dismissing Defendant Bellmore without prejudice would allow Plaintiffs an end-run around the Court's January 9, 2013 Order denying the certificate of appealability which was filed immediately after the Court dismissed Plaintiffs' claims against two Defendants. See ECF Nos. 156, 157. While the Court sees no reason to keep Defendant Bellmore in this action, Plaintiffs' decision to abandon their claims against him must be final and binding on the parties as to

7

any future litigation.

## III. CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion for Summary Judgment (ECF No. 162) will be granted and Defendant Bellmore shall be dismissed with prejudice from this action.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA METCALF, | : | |
| MICHELLE HARTLY, | : | |
| FILMWEST PRODUCTIONS, LLC, | : | |
| SUNWEST CAPITAL | : | |
| MANAGEMENT, | : | |
| INC., and | : | |
| DO YOU KNOW WHERE | : | |
| YOUR PARENTS ARE, LLC, | : | Case No. 4:11-CV-0127 |
| | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| | : | |
| MERRILL LYNCH PIERCE, | : | |
| FENNER & SMITH, INC., | : | |
| LAWRENCE R. BELLMORE, JR., | : | |
| ROBIN BRUBACHER, | : | |
| SOLAR WIND PRODUCTIONS, | : | |
| LLC, | : | |
| MICHAEL JACOBS, | : | |
| RUBY HANDLER-JACOBS, and | : | |
| RIO GRANDE STUDIOS, LLC, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW,** this 1st day of July, 2013, the Plaintiffs' Motion for Summary

Judgment (ECF No. 162) is hereby **GRANTED.** Defendant Bellmore is

**DISMISSED WITH PREJUDICE** from this action. The Clerk of Court is

9

directed to close this case and enter judgment in favor of Defendants.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge