IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA METCALF, et al., | : | Case No. 4:11-cv-00127 |
| | : | |
| Plaintiffs, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| MERRILL LYNCH, PIERCE, | : | |
| FENNER & SMITH, INC., et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
December 30, 2015

Following a telephonic conference call with the Court and review of

correspondence filed by the parties[1] concerning multiple discovery disputes, the

parties were ordered to submit briefs on the issue of Plaintiffs' Linda Metcalf,

Michelle Hartly, Film West Productions, SunWest Capital Management, Inc.

(D/B/A Spirit Halloween), and Do You Know Where Your Parents Are, LLC

(collectively "Plaintiffs") proposed modification of a protection order previously

entered by the parties.[2] For the reasons discussed below, this Court will allow the

modification of the parties' current protection order to include Plaintiffs proposed

provisions.

---

[1] ECF Nos. 193, 195, 198, 199.
[2] ECF No. 119.

As this Memorandum is directed at the parties and as the background facts giving rise to the instant litigation are fully set forth in the Court's previous Orders, this Court will not delve into the factual and procedural background for purposes of this Memorandum. Needless to say, this action stems from the failed financing agreement between Plaintiffs and Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc., ("Merrill Lynch") and Robin Brubacher[3] (collectively "Defendants") to produce a motion picture based on a screenplay known as "Do You Know Where Your Parents Are?"

## I.    DISCUSSION

Plaintiffs seek to modify sections 6(c) and 6(e) of a protection order entered into by the parties on December 21, 2011.[4] Currently, the sections read as follows:

> 6. CONFIDENTIAL Designation. Materials designated as CONFIDENTIAL may only be disclosed or made available by the party receiving such information to "Qualified Persons," who are defined to consist of the following:
>
> (c) the Parties and counsel of record to the Parties to this action and members and employees of the law firm of such counsel of record;
>
> . . .
>
> (e) all witnesses called to testify at trial or at a deposition and all individuals who may be called to testify at trial or at a deposition.[5]

---

[3] Defendants Lawrence R. Bellmore, Jr., Solar Wind Productions, LLC, Michael Jacobs, Ruby Handler-Jacobs, and Rio Grande Studios, LLC are no longer parties in this case.
[4] ECF No. 119.
[5] *Id.* at ¶6.

Plaintiffs propose that section 6(c) instead limit confidential information to "the individual Parties, the deposition designees for the entity Parties, the counsel of record to the parties to this action and members and employees of the law firm of such counsel of record."[6] They also request that section 6(e) limit confidential information to "all witnesses called to testify at trial or at a deposition."[7] Defendants oppose any modification and argue that confidential information is sufficiently protected in the current protection order.[8]

Rule 26(c)(1)(G) provides that a court may, for good cause, issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[9] Typically, if a court receives a motion for a protection order, it must employ a three-pronged analysis.

First, "[t]he party resisting discovery must . . . establish that the information is a trade secret and that its disclosure would be harmful."[10] In deciding whether the information sought is considered a "trade secret," the court must consider six factors outlined by the United States Court of Appeals for the Third Circuit in

---

[6] ECF No. 199 at 3.
[7] *Id.*
[8] ECF No. 198.
[9] Fed. R. Civ. P. 26(c)(1)(G).
[10] *Deman Data Systems, LLC v. Schessel*, 2014 WL 204248, *2 (M.D. Pa. January 16, 2014)(*citing Procter & Gamble Co. v. Be Well Marketing, Inc.,* 2013 WL 152801, *2 (M.D. Pa. Jan.15, 2013)).

*Smith v. BIC Corp.*[11] Second, if the information is considered a trade secret, the burden shifts to the party requesting the information to demonstrate that the information is relevant and necessary.[12] Third, if the information is relevant and necessary, the court must balance the requesting party's need for disclosure against the resisting party's potential for injury.[13]

In the instant matter, however, the parties do not dispute the sensitive nature of the information or whether the information is considered a trade secret. Furthermore, while Plaintiffs have made clear that they oppose Defendants' broad inquiry, described below, they have nevertheless agreed to provide the information Defendants seek. The parties dispute, however, whether there is "good cause" to modify the current protection order.

A party seeking a protective order bears the burden of showing that "good cause" exists.[14] "Good cause" is established "on a showing that disclosure will work a clearly defined and serious injury to the party" making the disclosure.[15] Even if a party meets its burden, the protective order must be narrowly drawn as to not constitute an abuse of discretion.[16]

---

[11] 869 F.2d 194, 200 (3d Cir. 1989) (*citing SI Handling Systems, Inc. v. Heisley,* 753 F.2d 1244, 1256 (3d Cir.1985)).

[12] *Denman Data Systems*, 2014 WL 204248 at *2 (*citing Procter & Gamble,* 2013 WL 152801 at *2).
[13] *Id.*
[14] *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986).
[15] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994)(*citing Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).
[16] *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 892 (E.D. Pa. 1981).

An "attorney's eyes only" designation, allowing dissemination of confidential information only to the parties' attorneys, can be utilized in circumstances where the requesting party could use the information to the disadvantage of the disclosing party.[17] "Attorney's eyes only" designations have been used in this circuit to limit disclosures to attorneys and experts where dissemination of confidential information could lead to a competitive disadvantage in business.[18]

In the matter at hand, Defendants seek to obtain information about "[a]ll films produced by Film West or for which Film West has provided production services or production support, including the nature of such services and the revenue or profits derived therefrom."[19] Plaintiffs argue that the information that will be obtained through this questioning is highly sensitive and the individuals who are privy to it must be restricted beyond the current protection order because the current protection order allows access for all of Defendant Merrill Lynch's more-than-60,000 employees. Therefore, the issue is not the type of information, but rather, who has access to the information sought.

Plaintiffs argue that, in inquiring about all of the films Plaintiffs have produced or provided production support for, Defendants seek to obtain insight into the film industry. Plaintiffs argue who Plaintiffs Hartly and Film West have

---

[17] *Deman Data Systems, 2014 WL 204248 at  *4.*
[18] *C.A. Muer Corp. v. Big River Fish Co.,* 1998 WL 488007, at *3–4 (E.D. Pa. June 1, 2009).
[19] ECF No. 181, Exhibit 1, ¶26.

provided production services to clients that are also clients of Defendant Merrill Lynch.[20] Plaintiffs cite several news articles published between 2006 and 2015 which detail Defendant Merrill Lynch's in-depth knowledge of film financing in the industry and promote a group of professionals, the Merrill Lynch Entertainment Industries Group, that "focus on providing financing to a wide variety of the upper-tier studios, independent producers, distributors, sales agents, and co-financers."[21] Plaintiffs fear that the confidential information that will be obtained through discovery will be distributed to the Entertainment Industries Group and used in a way that competes with Plaintiffs and their current and former clients.

Defendants vehemently deny that the parties compete with each other in any way. Defendants claim that Merrill Lynch is involved in film financing while Plaintiffs provide production services. Defendants argue that the articles Plaintiffs cite further illustrate Defendant Merrill Lynch's financing role and fail to provide any evidence of competition between Defendant Merrill Lynch and Plaintiff Film West.

---

[20] Plaintiffs cite a press release naming the following clients: CAA, Open Road Films, Dune Entertainment, Legendary Pictures, New Regency, and MGM Studios. *See Bank of America Merrill Lynch Appoints Brian Stearns and Daniel Timmons as Co-Heads of Entertainment Industries Coverage*, Bank of America Newsroom (September 4, 2012), http://newsroom.bankofamerica.com/press-release/commercial-and-middle-market-banking/bank-america-merrill-lynch-appoints-brian-stearns. During the telephone conference held on December 11, 2015, Plaintiffs' counsel stated that Defendant Hartley shared most of the clients in the list above.

[21] ECF No. 199 (*citing* Bruce Munster, *Meet the Bank of America Merrill Lynch Entertainment Industries Group (EIG)*, CSuite Quarterly Advisory (August 4, 2015), http://csq.com/2015/08/c-suite-advisory-bruce-munster-meet-the-bank-of-america-merrill-lynch-entertainment-industries-group-eig/#.VoLbPPkrJhE.

Plaintiffs, however, counter that film "production" services include the arranging of finance and that Plaintiffs Hartly and Film West are involved in finding sources of financing and managing relations with investors, much like Defendants' Entertainment Industries Group.  Plaintiffs further argue that the information Defendants seek, including lists of clients, specific roles that individuals and entities had with specific films, and information about finances invested and participation in the film, are trade secrets routinely protected by protection orders.

Plaintiffs have shown good cause to modify the current protection order. While the modifications Plaintiffs seek are less restrictive than the "attorneys eyes only" designation, Plaintiffs have shown that the dissemination of the information sought by Defendants could lead to a competitive disadvantage for Plaintiffs.

Furthermore, Plaintiffs have agreed to provide the requested information and only seek to limit its dissemination to the individuals involved in this litigation. Defendants' argument that Plaintiffs' proposed modifications would "unnecessarily and unfairly hinder Merrill Lynch's defense" because "Merrill Lunch's counsel would be precluded from disclosing or discussing any information that Plaintiffs designate as 'confidential' with Merrill Lynch" is exaggerated. The proposed modifications would allow disclosing of confidential information to the Merrill Lynch employees and representatives directly linked to this litigation.

Defendants' counsel need not disclose Plaintiffs' confidential trade secrets to all 60,000 Merrill Lynch employees in order to properly defend this case.

## II.    CONCLUSION

For the reasons set forth herein, the Confidentiality Stipulation and Protective Order[22] entered into by the parties on December 21, 2011 is modified to include Plaintiffs' proposed provisions in sections 6(c) and 6(e).

An appropriate Order follows.


BY THE COURT:


s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[22] ECF No. 119.