IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA METCALF, *et al.*, | No. 4:11-CV-00127 |
| Plaintiffs. | (Chief Judge Brann) |
| v. | |
| MERRIL LYNCH, PIERCE, FENNER & SMITH, INC., *et al.*, | |
| Defendants. | |

**MEMORADUM OPINION AND ORDER**

M AY 31, 2022

During the course of the parties' trial preparations, a dispute emerged about the ability of a witness—Alexander Kazan, Ph.D, who is known as Dr. Alexander Karimi—to testify by video conference. At the urging of the parties, I held a brief telephone status conference on May 24, 2022, and entertained their arguments for, and against, video testimony by Dr. Kazan under F ED. R. C IV. P. 43(a). With trial fast approaching, I conclude that Dr. Kazan is permitted to testify by video.

Under Rule 43(a), "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." The Advisory Committee Note to the 1996 Amendment provides additional texture: although it first emphasizes that remote testimony "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial," it then adds that "[t]he most

persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remain able to testify from a different place."

During the COVID-19 pandemic, courts have emphasized this latter statement in allowing for remote testimony.[1] Those days appear to be numbered. Through the ingenuity of our pharmaceutical companies and health care practitioners, the pandemic appears to be marching its way towards an eventual conclusion. Still, those steps have been halting and staggered. As a result, I find that Dr. Karimi, who maintains a psychological counseling practice in Burbank, California, may avail himself of remote testimony to ensure that he is able to continue to see patients in need of his services. Whether his testimony—which as I understand it, will detail how he is the other individual who received funds in the New Mexico interpleader action—is indeed relevant, or otherwise prohibited under the Federal Rules of Evidence, remains to be seen.

**AND NOW**, **IT IS HEREBY ORDERED** that Alexander Kazan, Ph.D, also known as Dr. Alexander Karimi, shall be permitted to testify remotely under FED. R. CIV. P. 43(a).

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[1] *See e.g.*, *V5 Techs., LLC v. Switch, LTD.*, 2021 WL 4781511 (D. Nev. Oct. 13, 2021).